

NUMBER 13-15-00192-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **KEVIN RAY RANGEL** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

**On appeal from the 389th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Kevin Ray Rangel, attempted to perfect an appeal from a conviction for indecency with a child. The trial court imposed sentence in this matter on May 21, 2013. Appellant filed a "Late Notice of Appeal" on April 20, 2015. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olive v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent

a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal, filed more than twenty-two months after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. Art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia,* 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of May, 2015.

2